U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

APR 1 4 2009

ROBERT H. SHEMWELL, CLERK
BY _____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| HORACE MURPHY | CIVIL ACTION NO.: 06-2218 |
| VERSUS | |
| | JUDGE TRIMBLE |
| ZURICH FINANCIAL SERVICES, ET AL | MAGISTRATE JUDGE KAY |

### JUDGMENT

This matter came before the Court for trial by jury March 23rd through March 26th, 2009. Present:

> David L. Bateman, representing plaintiff, Horace Murphy, Jr.;
>
> Myron A. Walker, Jr., representing defendants, David P. Carpentier and the Yanke Group of Companies d/b/a N. Yanke Transfer, Ltd.

Counsel for both parties stipulated, out of the presence of the jury, that defendants' primary insurer, Zurich Insurance Company, had settled with the plaintiff prior to trial, the terms of said settlement being that in return for a payment of an undisclosed sum less than its remaining policy limits of $440,000, Zurich Insurance Company, David Carpentier and N. Yanke Transfer, Ltd. would be released, subject to a reservation of the plaintiff's right to pursue claims against David Carpentier and N. Yanke Transfer, Ltd., only to the extent that collectible coverage is afforded to them under a policy of excess insurance issued by Commerce & Industry Insurance Company of Canada, Ltd., who agrees to provide coverage for any amounts in excess of $440,000 for which defendants may be adjudged liable. It was stipulated further that the amount of remaining underlying limits in the policy issued by Zurich Insurance Company is $440,000. It was further stipulated that the effect of this settlement, under *Gasquet v.*

*Commercial Union Insurance Company*, 391 So.2d 466 (La. App. 4 Cir. 1980), writ denied, 396 So.2d 921 (La. 1981), is that plaintiff will be entitled to take nothing unless and until any jury verdict rendered in this matter, and judgment entered pursuant thereto, exceed the sum of $440,000. It was further stipulated that, as to any such excess amounts to be adjudicated over $440,000 defendants' umbrella or excess carrier, Commerce & Industry Insurance Company of Canada, Ltd., would provide coverage and indemnity for said amounts.

Upon completion of the evidence, the matter was submitted to the jury, which deliberated and returned the following verdict:

"1. Do you find that Horace Murphy has proven by a preponderance of the evidence that he sustained an aggravation of a pre-existing injury or condition as a result of the accident on March 19, 2005?

YES __X__     NO _____

2. If you answered YES to question no. 1, please state in dollars and cents the total damages that you find are due to Horace Murphy for his injuries.

   1. past, present and/or future pain and suffering           $ 12,169
      both physical and mental, if any

   2. permanent disability, if any                             $ 82,732

   3. loss of earnings, if any, both past and future, if any   $ 14,040

   4. medical expenses, both past and future, if any           $241,059

<table>
<tr><td>5.</td><td>loss of enjoyment of life</td><td>$_____</td></tr>
<tr><td></td><td>TOTAL AMOUNT</td><td>$350,000</td></tr>
</table>

| | |
|---|---|
| s/Terry W. Hazell | 03-26-09 |
| Jury Foreperson, signature | Date |

Terry W. Hazell
Printed Name"

Finding the jury's verdict to be in order, and taking into account the stipulation of the parties and credit of $440,000.00 created thereby,

IT IS ORDERED, ADJUDGED AND DECREED that judgment be, and same is, hereby rendered in favor of plaintiff, Horace Murphy, Jr., in the amount of $350,000, subject to a credit of $440,000, and that plaintiff take nothing, costs to be paid by defendants

Judgment read, rendered and signed in Chambers at Alexandria, Louisiana, this 14th day of April, 2009.

_____
HONORABLE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE